UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEVARIUS L. CHAMBERS,

        Plaintiff,

v.

MEMPHIS INTERNATIONAL
AIRPORT and HARVARD JOHNSON,

        Defendants.
_____/

Case No. 2:23-cv-10720

HONORABLE STEPHEN J. MURPHY, III

**ORDER TRANSFERRING CASE
TO THE WESTERN DISTRICT OF TENNESSEE**

Plaintiff Tevarius Chambers, an inmate at Shelby County Correctional Facility in Memphis, Tennessee, filed a pro se civil rights complaint against Defendants Memphis International Airport and Harvard Johnson under 42 U.S.C. § 1983. ECF 1. Plaintiff also applied for leave to proceed in forma pauperis. ECF 2. Plaintiff alleged that he was shot by Defendant Johnson while at Memphis International Airport. ECF 1, PgID 2. According to Plaintiff, Defendant Johnson shot him because he "had a gun," but Plaintiff maintained that Defendant Johnson "lied" because "they found no gun." *Id*. Plaintiff also alleged that Defendant Johnson "hit [him] with the police truck while running and shot [him] for no reason." *Id*. He requested that the Court appoint counsel for him so that he could "move forward with suing [Defendant Johnson] and the airport police department." *Id*. at 3.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Venue is proper in the "district in which any defendant resides" or the

1

"district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1), (2). For venue purposes, a natural person is a resident of the district in which that person is domiciled. § 1391(c)(1). Likewise, a corporation is a resident of the district in which it "is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). Public officials "reside" in the county in which they perform their "official duties." *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (citation omitted).

When venue is improper, the Court may, in the interests of justice, transfer the case to a district where it could have been brought. *See* 28 U.S.C. § 1406(a). To that end, the Court may sua sponte transfer a case based on improper venue. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989). Even if venue is proper, a district court may transfer the case "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a).

Having reviewed the complaint, the Court finds that the United States District Court for the Western District of Tennessee is the proper forum for this action. Three reasons support the Court's conclusion. First, Defendant Memphis International Airport is a resident of Shelby County, Tennessee. ECF 1, PgID 2–3. And Defendant Johnson is an officer in the Memphis International Airport Police Department. *Id.* at 2. Thus, for purposes of the complaint, both Defendants reside in Shelby County, Tennessee. And Shelby County is in the Western District of Tennessee. *See* 28 U.S.C. § 123(c)(2). Second, the "events . . . giving rise to the claim" occurred at Memphis International Airport in Shelby County, Tennessee. *Id.* ("I was shot by Officer

2

Harvard Johnson [a]t Memphis International Airport."). Third, the Western District of Tennessee would be a more convenient forum for the parties than the Eastern District of Michigan because Plaintiff and both Defendants currently reside in the Western District of Tennessee. *See* ECF 1. In sum, because the Western District of Tennessee is the more appropriate and convenient forum for this action under 28 U.S.C. § 1391(b), the Court will exercise its discretion and transfer the case to that district for further consideration. *See* 28 U.S.C. § 1406(a).

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court must **TRANSFER** the case to the United States District Court for the Western District of Tennessee under 28 U.S.C. § 1406(a). The Court has not decided Plaintiff's motion to proceed in forma pauperis, ECF 2, and the Court has not reviewed the merits of Plaintiff's complaint, ECF 1.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 31, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2023, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager

3